# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHERIL C. CARRINGTON, | DOCKET NUMBER |
| Appellant, | CH-315H-15-0458-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: September 19, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Cheril C. Carrington, Las Vegas, Nevada, pro se.

Michael A. Suire, Fort Knox, Kentucky, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her termination during her probationary period.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[*]   A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2          Effective October 20, 2014, the agency appointed the appellant to a GS-13 Education Services Specialist position in the competitive service subject to the completion of a 1-year probationary period.  Initial Appeal File (IAF), Tab 11 at 7.  On May 5, 2015, the agency terminated her during her probationary period for alleged poor performance and misconduct.  *Id.* at 8-12.  The appellant filed an appeal in which she contended that she was an employee with full chapter 75 and chapter 43 appeal rights because she had completed a probationary period and acquired career status during prior periods of Federal employment.  IAF, Tab 1 at 6.  She further contended that she was not required to serve a probationary period because she was entitled to lifetime reinstatement due to her veterans' preference status and her prior career status.  *Id.* at 8.

¶3          After affording the appellant notice of the burdens and elements of proving jurisdiction in her case, IAF, Tabs 3-4, the administrative judge issued an initial decision on the written record in which she dismissed the appeal for lack of jurisdiction.  IAF, Tab 18, Initial Decision (ID) at 18.

¶4          Because the appellant was terminated from a competitive service position, she must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under chapter 75.  *Henderson v.*

*Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee," the appellant must show that she is not serving a probationary period or has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).

¶5        An appellant who has not served a full year under her appointment can show that she has completed her probationary period, and so is no longer a probationer, by tacking on prior service if:  (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Henderson*, 114 M.S.P.R. 149, ¶ 10.  Alternatively, an employee can show that, while she may be a probationer, she is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, she had completed at least 1 year of current continuous service without a break in Federal civilian service of a workday.  *Id.*

¶6        The appellant here served about 6 months of her 1-year probationary period. She has several periods of prior Federal civilian service, from February 18, 1984, to September  28, 1988, with the U.S. Postal Service (USPS), IAF, Tab 1 at 9, Tab 5 at 51; from December 30, 2002, to November 29, 2003, with the General Services Administration as a GS-5 Supply Technician, IAF, Tab 11 at 13-14; and from November 30, 2003, to April 30, 2004, with the Department of Homeland Security (DHS) as a GS-5 User Fee Collection Technician, *id.* at 15-16.  None of this prior service was in the Department of the Army, the agency from which she is currently being terminated, and it therefore does not count towards the completion of her probationary period.  Similarly, because her last period of employment with the DHS ended on April 30, 2004, *see id.* at 16, she had a break in service of more than a workday between the end of her employment with the

DHS and her appointment to the position at issue here and, therefore, does not have 1 year of current continuous service. Therefore, the appellant does not qualify as an "employee" under either 5 U.S.C. § 7511(a)(1)(A)(i) or (A)(ii).

¶7        A probationary employee in the competitive service can only bring an appeal of her termination if she was discriminated against because of her marital status or partisan political affiliation, or if the agency action was based in whole or in part on issues that arose preappointment and the required procedures were not followed. *Henderson*, 114 M.S.P.R. 149, ¶ 9. The appellant here was terminated because of her post-appointment conduct and performance. IAF, Tab 11 at 8. Therefore, the Board only has jurisdiction over her termination if she shows that her termination was based on marital status discrimination or partisan political reasons. *See, e.g.*, *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 8 (2007). The administrative judge correctly found that the appellant failed to make an allegation that her termination was based on either ground, ID at 5-6, and we find that she correctly dismissed the appeal for lack of jurisdiction.

¶8        In her petition for review, the appellant reiterates her argument below that she was eligible for lifetime reinstatement based on her veterans' preference which, she alleges, meant she should not have been required to serve a probationary period. Petition for Review (PFR) File, Tab 1 at 4-5, 9, 12. It is significant that the agency did not effect the appellant's appointment via reinstatement, but, even if it had, it would appear that any such reinstatement would have been improper. Under 5 C.F.R. § 315.401(a), an agency may appoint a former employee who previously acquired career status to the competitive service via reinstatement. There is no time limit on the eligibility for reinstatement for a former employee who has fully completed the service requirements for career tenure. 5 C.F.R. § 315.401(b). A person who previously acquired career status is reinstated with career status. 5 C.F.R. § 315.402(b). However, "Career tenure is acquired only under a permanent appointment in the

competitive service that provides or leads to competitive status." 5 C.F.R. § 315.201(b)(2). Positions in the USPS are in the excepted service. 5 U.S.C. §§ 2105(e), 7511(a)(1)(B); 39 U.S.C. § 1005(a)(4)(A); *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414 (1998). Therefore, the appellant's excepted service with the USPS did not afford her career tenure with reinstatement rights to the Federal civilian competitive service and is not a reason to excuse her from successfully completing a probationary period.

¶9      The appellant also asserts on review that the agency did not inform her until several months after she accepted the appointment and relocated to another state at her own expense that she would be required to serve a probationary period. PFR File, Tab 1 at 5-6, 9, 13-14. The record evidence tends to support the appellant's allegation. Nevertheless, where a probationary period is required by the nature of an appointment, it cannot be waived, even if the agency failed to inform the employee that she must serve a probationary period. *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 5 (2013); *Laboube v. Department of the Treasury*, 105 M.S.P.R. 337, ¶ 8 (2007). Furthermore, the Board lacks the authority to grant the appellant's request for damages as a remedy for her detrimental reliance on the agency's inaccurate information. PFR File, Tab 1 at 17.

¶10      The appellant further alleges that the failure to effect her appointment via reinstatement and the failure to afford her prior notice that she would be required to serve a probationary period violated a basic requirement for employment practices and is reviewable by the Board. PFR File, Tab 1 at 10, 14, 17-19. An applicant for employment who believes that an employment practice applied to her by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in

administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6. "Employment practices," as defined in OPM's regulations, "affect the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. First of all, the appellant's concerns are about the agency's actions after it selected her, not questions about how it arrived at its decision to select one candidate over another. Thus, she has not identified an employment practice subject to review by the Board.

¶11 Second, the appellant has not alleged that an employment practice was applied to her by OPM, as required by 5 C.F.R. § 300.104(a), or that a valid employment practice administered by OPM was misapplied to her by the agency, as required by *Dowd v. United States*, 713 F.2d 720, 724 (Fed. Cir. 1983). Third, the appellant has not alleged that an employment practice applied to her violates one of the basic requirements contained in 5 C.F.R. § 300.103. Finally, the alleged violations concern matters related to her employment and appointment, not to her status as an applicant for employment prior to her selection. However, only "candidates" may bring employment practices appeals to the Board under 5 C.F.R. § 300.104(a). *National Treasury Employees Union v. Office of Personnel Management*, 118 M.S.P.R. 83, ¶ 9 (2012). Therefore, the appellant has not raised a cognizable employment practices claim within the Board's jurisdiction.

¶12 The appellant further alleges that the administrative judge erred by not holding a jurisdictional hearing. PFR File, Tab 1 at 5-6. To be entitled to a jurisdictional hearing, the appellant must make nonfrivolous allegations supported by factual assertions that would, if not controverted, require a finding of Board jurisdiction. *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 8 (2012). The appellant here has made no assertions of fact that, if proven, would show that she meets the definition of "employee" set forth at 5 U.S.C.

§ 7511(a)(1)(A), or that would show that her termination was based on marital status discrimination or partisan political reasons.  Therefore, we find that the administrative judge correctly determined that she was not entitled to a jurisdictional hearing.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.